THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND SMITH, #18635-039           *
        Petitioner
    v.                                              *  CIVIL ACTION NO. AMD-07-2493

WARDEN LISA HOLLINGSWORTH         *
        Respondent
                                   ***

MEMORANDUM

A jury in the United States District Court for the Eastern District of Michigan found Raymond Smith ("petitioner") guilty of conspiracy to distribute and to possess with intent to distribute controlled substances, attempted possession with intent to distribute cocaine, and carrying a firearm during and in relation to a drug trafficking crime. *See United States v. Smith*, Criminal No. PVG-93-80803 (E.D. Mich.). On June 11, 1996, petitioner was sentenced to 135 months on the drug counts and a consecutive 60 month term on the firearm conviction. *Id*. He appealed his convictions and sentences to the United States Court of Appeals for the Sixth Circuit, which affirmed the judgment. *See United States v. Smith,* 1998 WL 385471 (6th Cir. June 29, 1998). On June 30, 1999, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied on March 29, 2001, by the Honorable Paul V. Gadola of the United States District Court for the Eastern District of Michigan.[1] The Sixth Circuit denied petitioner's request for a certificate of appealability on December 14, 2001.

---

[1] Review of the docket in *United States v. Smith*, Criminal No. PVG-93-80803 (E.D. Mi.) shows that petitioner's various motions to alter judgment or for reconsideration were denied by Judge Gadola in April 2001. *Id*. at Paper Nos. 281 & 283-285. Further, petitioner's Rule 60(b) motion was denied by Judge Gadola on February 13, 2002. *Id*. at Paper Nos. 302 & 303. Finally, petitioner's motion to amend his motion to vacate and Rule 60(b) motion, filed in 2005, were denied by Judge Gadola in February of 2006. *Id*. at Paper Nos. 319, 321, & 323.

On September 17, 2007, petitioner, who is confined at the Federal Correctional Institution in Cumberland, Maryland, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] He attacks his federal convictions, alleging:

> I am currently detained at the Cumberland male prison camp for a crime that I am actually innocent. I was arrested, charged convicted and sentenced for conduct not criminal under the controlled substance statute 21 U.S.C. 841(a)(1) when no drugs ever existed. I am currently detained and continued to be imprisoned for a crime that I did not commit.

Paper No. 1 at 8.

Generally, challenges to a federal conviction are properly filed as § 2255 motions. There is no evidence that petitioner has received "gatekeeper" approval from the Sixth Circuit to file what would be a successive motion to vacate. Petitioner, however, argues that his remedy by way of § 2255 is inadequate and ineffective because he has been denied relief under § 2255 and his claim does not qualify him to file a second or successive motion as he is unable to meet the gatekeeping rule governing second § 2255 motions. He therefore seeks to invoke this court's habeas corpus jurisdiction, claiming that he "failed to raise the illegal detention [claim] earlier due [to] the fact that he had been provided with ineffective assistance of counsel and ill advice from a jailhouse lawyer." Paper No. 1, memorandum at 2.[3]

The United States Court of Appeals for the Fourth Circuit has determined that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (internal citations omitted); *see also In*

---

[2]The petition was not accompanied by the $5.00 habeas filing fee or indigency application. In light of the ruling of the court, petitioner shall not be required to do so.

[3]The law is well established that a § 2241 petition is intended to address the execution of a sentence rather than its validity, *i.e.*, its imposition or duration. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

*re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[4]  In *Jones*, the Fourth Circuit held that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones,* 226 F.3d at 333-34; *see also Young  v. Conley*, 128 F. Supp.2d 254, 357 (S.D. W.Va.  2001).

Constitutional challenges to the validity of a conviction or a sentence must be brought under § 2255 as Congress intended.  *See Young*, 128 F. Supp.2d at 357.  Here, petitioner has done no more than (1) present arguments which were, or could have been, raised on appeal and/or in a timely filed § 2255 motion, and (2) attempt to circumvent the procedural bar to filing a successive § 2255 motion.  The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under  § 2255.  *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

---

[4]Under 28 U.S.C. § 2244(b), a petitioner may file a second or successive § 2255 motion only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *see also United States v. Rich*, 141 F.3d 550, 551, 553 (5th Cir. 1998).  Thus, before a district court may consider a successive motion, an appellate court must enter an order authorizing the district court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d at 1197-98.

Because petitioner has not satisfied the criteria set forth in *Jones* for demonstrating that 28 U.S.C. § 2255 is an "inadequate or ineffective remedy," the petition shall be dismissed.[5] A separate order follows.

Date: September 26, 2007                                          __/s/_____
                                                                 Andre M. Davis
                                                                 United States District Judge

---

[5] A similar analysis and finding was made in petitioner's previous § 2241 petitions. *See Smith v. Shearin*, Civil Action No. AMD-03-1553 (D. Md.), and *Smith v. Hollingsworth*, Civil Action No. AMD-05-3226 (D. Md.). Both decisions were affirmed by the United States Court of Appeals for the Fourth Circuit. *See Smith v. Shearin*, 103 Fed.Appx. 744 (4th Cir. Aug. 3, 2004) (*per curiam*), and *Smith v. Hollingsworth*, 190 Fed.Appx. 235 (4th Cir. July 26, 2006) (*per curiam*).